# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# TOLEDO DIVISION

| | |
|---|---|
| In Re: | Case No. 18-32916 |
| John Meredith Symonds, II<br>Rebecca Sue Symonds fka Rebecca Sue Badertscher | Chapter 13 |
| Debtors. | Judge Mary Ann Whipple |

**MOTION OF AMERICREDIT FINANCIAL SERVICES, INC. DBA GM FINANCIAL FOR RELIEF FROM STAY**

**2013 Kia Soul Wagon 4D 1.6L I4 VIN: KNDJT2A51D7563573**

Americredit Financial Services, Inc. dba GM Financial ('Movant') moves this Court under Bankruptcy Code §§ 361, 362, and 363, and other sections of Title 11 of the United States Code, under Federal Rules of Bankruptcy Procedure 4001, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code §362.

## MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this matter under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On April 10, 2013, Rebecca Sue Symonds ('Debtor') obtained a loan from Southwest KIA of Rockwall in the amount of $32,189.60. Such loan was evidenced by a Retail Installment Contract dated April 10, 2013 (the 'Note'), a copy of which is attached as **Exhibit A**.

3. To secure payment of the Note and performance of the terms contained in it, the Debtors executed a Security Agreement in favor of Southwest KIA of Rockwall dated April 10,

2013 (the 'Security Agreement'). The Security Agreement granted a lien on the Personal Property known as a 2013 Kia Soul Wagon 4D 1.6L I4 VIN: KNDJT2A51D7563573 owned by the Debtors (the 'Collateral'). The Collateral is more fully described in the Security Agreement (check one)

☐ attached as **Exhibit** ___

-OR-

☒ contained in the Note, attached as **Exhibit A**.

4. The lien created by the Security Agreement was perfected by (check all that apply):

☐ Filing of the Security Agreement in the office of the [COUNTY] County Recorder on [DATE].

☐ Filing of the UCC-1 Financial Statement in the office of _____ of [DATE].

☒ Notation of the lien on the Certificate of Title.

☐ Other (state with particularity): Security Agreement.

A copy of the Recorded Security Agreement, UCC-1 Financial Statement, Certificate of Title or other document, as applicable, is attached as **Exhibit B**. Based on the Voluntary Petition and Schedules, the lien is the 1st lien on the Collateral.

5. The entity in possession of the original Note as of the date of this motion is Americredit Financial Services, Inc. dba GM Financial.

6. The entity servicing the loan is Americredit Financial Services, Inc. dba GM Financial.

7. The Note was transferred as evidenced by the following:

a. If the Collateral is real estate:

   i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender:

   ☒ N/A.

   -OR-

   ☐ By endorsement on the Note,
   Payable to: _____.

   -OR-

   ☐ By blank endorsement on the Note.

   -OR-

   ☐ By allonge attached to the Note,
   Payable to: _____.

   -OR-

   ☐ By blank allonge, attached to the Note.

   -OR-

   ☐ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attached supporting documentation):
   _____.

   -OR-

   ☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as **Exhibit** ___. Explain why it provides Movant the authority to endorse the Note:
   _____.

ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the <FIRST TRANSFEREE> to <_____> [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT].>

iii. A court has already determined that Movant has the ability to enforce the Note with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached as **Exhibit ___**.>

iv. Other _____ [Explain].

b. If the Collateral is not real estate (check one):

☐ N/A.

-OR-

☒ From the original lender to Americredit Financial Services, Inc. dba GM Financial on the face of the Retail Installment Sale Contract

8. The Security Agreement was transferred as follows (check one):

☐ N/A.

-OR-

☒ From the original lender to Americredit Financial Services, Inc. dba GM Financial on the face of the Retail Installment Sale Contract

9. The value of the Collateral is $7,875.00. This valuation is based on the NADA Official Used Car Guide. A copy of which is attached hereto as **Exhibit C**.

10. As of the date of this Motion, there is due and owing on the Note the outstanding principal balance of $9,458.08, interest accruing thereon at the rate of 16.80% per annum [$10.93 per diem], late fees, and costs as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 DOES NOT include a credit for the sum held in suspense account by the Movant. The amount of the credit is N/A.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

- [x] N/A.

- [ ] The <COUNTY> County Treasurer, for real estate taxes, in the amount of $<AMOUNT>.

- [ ] <CO-OWNERS, IF APPLICABLE, STATE NAME>.

- [ ] <ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE IN THE AMOUNT OF $___ [ADD ADDITIONAL PARTIES AS APPROPRIATE]>.

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code §362(d) for this/these reason(s) (check all that apply):

- [ ] Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: <EXPLAIN>___.

- [ ] Debtor has failed to keep the Collateral insured as required by the Security Agreement.

- [ ] Debtor has failed to keep current the real estate taxes owed on the Collateral.

- [x] Debtor has failed to make periodic payments to Movant since the commencement of this bankruptcy case for the months of September 2018 through February 2019, which unpaid payments are in the aggregate amount of $2,515.10 through February 28, 2019. The total provided in this paragraph cannot be relied upon as a post-petition reinstatement quotation.

- [ ] Debtor is delinquent in funding the plan, and therefore the trustee has failed to make periodic payments to Movant since the commencement of the bankruptcy case for the months of <STATE EACH MONTH AND YEAR>, which unpaid payments are in the aggregate amount of <AMOUNT> through <DATE>. The total provided in this paragraph

cannot be relied upon as a post-petition reinstatement quotation.

☒ Debtor has no equity in the Collateral, because the Collateral is valued at $7,875.00, and including the Movant's lien, there are liens in an aggregate amount of $9,458.08 on the Collateral.

☐ Debtor's plan provides for surrender of the Collateral.

☐ The property is not necessary to an effective reorganization because _____.

☐ Other cause (set forth with specificity): _____.

14. Movant has completed the worksheet attached as **Exhibit D**.

WHEREFORE, Movant prays for an order from the Court granting Movant relief from the automatic stay of Bankruptcy Code §362 to permit Movant to proceed under applicable nonbankruptcy law

Respectfully Submitted,

/s/ Molly Slutsky Simons
Molly Slutsky Simons (0083702)
Sottile & Barile, Attorneys at Law
P.O. Box 476
Loveland, OH 45140
Phone: 513.444.4100
Email: bankruptcy@sottileandbarile.com
Attorney for Movant

**CERTIFICATE OF SERVICE**

I certify that on March 1, 2019, a true and correct copy of this Motion was served:

Via the Court's ECF System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

    Randy Lee Reeves, Debtors' Counsel
    ecf@reeveslpa.com

    Elizabeth A. Vaughan, Trustee
    13ECFNotices@chapter13toledo.com

Office of the U.S. Trustee
Ustp.region09@usdoj.gov

And by regular U.S. Mail, postage pre-paid on:

John Meredith Symonds, II, Debtor
246 S. Lawn Avenue
Bluffton, OH 45817

Rebecca Sue Symonds fka Rebecca Sue Badertscher, Debtor
246 S. Lawn Avenue
Bluffton, OH 45817

    /s/ Molly Slutsky Simons
Molly Slutsky Simons (0083702)
Attorney for Movant

# MOTOR VEHICLE RETAIL INSTALLMENT SALES CONTRACT
## SIMPLE FINANCE CHARGE

EXHIBIT A

Dealer Number _____ Contract Number _____

| | |
|---|---|
| BUYER REBECCA BADERTSCHER | SELLER/CREDITOR SOUTHWEST KIA OF ROCKWALL |
| ADDRESS 1308 HONEYWOOD LN | ADDRESS 1790 EAST I-30 |
| CITY ROYSE CITY STATE TX ZIP 75189 | CITY ROCKWALL STATE TX ZIP 75087 |
| PHONE (567)208-6302 | PHONE (972)771-5260 |

| | |
|---|---|
| CO-BUYER N/A | |
| ADDRESS N/A | |
| CITY N/A STATE N/A ZIP N/A | |
| PHONE N/A | |

The Buyer is referred to as "you" or "your." The Seller is referred to as "we" or "us." This contract may be transferred by the Seller.

**PROMISE TO PAY:** The credit price is shown below as the "Total Sales Price." The "Cash Price" is also shown below. By signing this contract, you choose to purchase the vehicle on credit according to the terms of this contract. You agree to pay us the Amount Financed, Finance Charge, and any other charges in this contract. You agree to make payments in U.S. funds according to the Payment Schedule in this contract. If more than one person signs as a buyer, you agree to keep all the promises in this agreement even if the others do not.

You have thoroughly inspected, accepted, and approved the vehicle in all respects.

### VEHICLE IDENTIFICATION

| YEAR | MAKE | MODEL | VEHICLE IDENTIFICATION NUMBER | | USE FOR WHICH PURCHASED |
|---|---|---|---|---|---|
| 2013 | KIA | SOUL | KNDJT2A51D7563573 | ☒ NEW ☐ DEMONSTRATOR ☐ FACTORY OFFICIAL/EXECUTIVE ☐ USED | PERSONAL, FAMILY, OR HOUSEHOLD, UNLESS OTHERWISE INDICATED BELOW. If either of the boxes below is checked, Chapter 353 of the Texas Finance Code applies to this Contract. ☐ BUSINESS OR COMMERCIAL ☐ AGRICULTURAL |

Trade-in: Make N/A  Model N/A
Year N/A  VIN N/A  License No. N/A

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 2000.00 |
|---|---|---|---|---|
| 16.80 % | $ 11246.55 | $ 18943.05 | $ 30189.60 | $ 32189.60 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 419.30 | Monthly beginning 05/10/2013 Or as follows |

**Late Charge:** If we do not receive your entire payment within 15 days after it is due (10 days if you are buying a heavy commercial vehicle), you will pay a late charge of 5% of the scheduled payment.
**Prepayment.** If you pay all that you owe early, you will not have to pay a penalty.
**Security Interest.** We will have a security interest in the vehicle being purchased.
**Additional Information:** See this document for more information about nonpayment, default, security interests, and any required repayment in full before the scheduled date.

### ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including any accessories, services, taxes, N/A
   SALES TAX $ 1216.38  N/A $ N/A
   N/A $ N/A and N/A $ N/A  $ 20678.38 (1)
2. Total Downpayment = (if negative, enter "0" and see Line 4A below)
   Gross Trade-In $ N/A
   – Pay Off Made By Seller $ N/A
   = Net Trade In $ N/A
   + Cash $ 2000.00
   + Mfrs. Rebate $ N/A
   + Other (describe) N/A $ N/A
   Total Downpayment $ 2000.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) $ 18678.38 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts.):
   A Net trade-in payoff to N/A $ N/A
   B Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
      Life $ N/A
      Disability $ N/A $ N/A
   C Other Optional Insurance Paid to Insurance Company or Companies $ N/A
   D Official Fees Paid to Government Agencies
      1) to N/A for N/A $ N/A
      2) to STATE OF TX for RD & BRIDGE FEE $ 10.00
      3) to N/A for N/A $ N/A
   E Debt Cancellation Agreement Fee Paid to the Seller $ N/A
   F Dealer's Inventory Tax (if Not Included in Cash Price) $ 38.92
   G Sales Tax (if Not Included in Cash Price) $ N/A
   H Other Taxes (if Not Included in Cash Price) $ N/A
   I Government License and/or Registration Fees
      LIC=$52.75 /ETAG=$5.00 $ 57.75
   J Government Certificate of Title Fees $ 33.00
   K Government Vehicle Inspection Fees $ N/A
   L Deputy Service Fee Paid to Dealer $ N/A
   M Documentary Fee (Cargo Documental) $ 125.00

   A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS RELATING TO THE SALE. A DOCUMENTARY FEE MAY NOT EXCEED A REASONABLE AMOUNT AGREED TO BY THE PARTIES. THIS NOTICE IS REQUIRED BY LAW.

   UN CARGO DOCUMENTAL NO ES UN CARGO OFICIAL. LA LEY NO EXIGE QUE SE IMPONGA UN CARGO DOCUMENTAL. PERO PODRÍA COBRARSE A LOS COMPRADORES POR EL MANEJO DE LA DOCUMENTACIÓN EL RELACIÓN CON LA VENTA. UN CARGO DOCUMENTAL NO PUEDE EXCEDER UNA CANTIDAD RAZONABLE ACORDADA POR LAS PARTES. ESTA NOTIFICACIÓN SE EXIGE POR LEY.

   N Other Charges (Seller must identify who is paid and describe purpose.)
      to State for Plate Transfer Fee $ N/A
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
   Total Other Charges and Amounts Paid to Others on Your Behalf $ 264.67 (4)
5. Amount Financed (3 + 4) $ 18943.05 (5)

**PROPERTY INSURANCE.** You must keep the collateral insured against damage or loss in the amount you owe. You must keep this insurance until you have paid all that you owe under this contract. You may obtain property insurance from anyone you want or provide proof of insurance you already have. The insurer must be authorized to do business in Texas. You agree to give us proof of property insurance. You must name us as the person to be paid under the policy in the event of damage or loss.
If any insurance is checked below, policies or certificates from the insurance companies will describe the terms, conditions, and deductibles.

### Optional Credit Life and Credit Disability Insurance

Credit life insurance and credit disability insurance are not required to obtain credit. They will not be provided unless you sign and agree to pay the extra cost. Your decision to buy or not buy these insurance coverages will not be a factor in the credit approval process.

☐ Credit Life, one buyer  $ N/A  Term N/A
☐ Credit Life, both buyers  $ N/A  Term N/A
☐ Credit Disability, one buyer  $ N/A  Term N/A
☐ Credit Disability, both buyers  $ N/A  Term N/A

N/A
(Insurance Company)
N/A
(Home Office Address)

Credit life insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance does not cover any increase in your payment or in the number of payments.
If the term of the insurance is 121 months or longer, the premium is not fixed or approved by the Texas Insurance Commissioner.

You want the insurance indicated above.

X N/A  N/A
Buyer's signature  Date
X N/A  N/A
Co-Buyer's signature  Date

### Optional Insurance Coverages and Debt Cancellation Agreement

The granting of credit will not be dependent on the purchase of either the insurance coverages or the debt cancellation agreement described below. It will not be provided unless you sign and agree to pay the extra cost. The credit approval process will not be affected by whether or not you buy these insurance coverages or the debt cancellation agreement.

| Coverage | Term in Months | Premium or Fee |
|---|---|---|
| GAP* | N/A | ☐ $ N/A |
| N/A | N/A | ☐ $ N/A |
| N/A | N/A | ☐ $ N/A |
| Debt Cancellation Agreement** | N/A | $ N/A |

N/A
(Insurance Company)
N/A
(Home Office Address)

*If the vehicle is determined to be a total loss, GAP insurance will pay us the difference between the proceeds of your basic collision policy and the amount you owe on the vehicle, minus your deductible. You can cancel that insurance without charge for 10 days from the date of this contract.
**WE WILL CANCEL CERTAIN AMOUNTS YOU OWE UNDER THIS CONTRACT IN THE CASE OF A TOTAL LOSS OR THEFT OF THE VEHICLE AS STATED IN THE DEBT CANCELLATION AGREEMENT. You can cancel the debt cancellation agreement without charge for a period of 30 days from the date of this contract, or for the period stated in the debt cancellation agreement, whichever period ends later.
If the box next to a premium for an insurance coverage included above is marked, that premium is not fixed or approved by the Texas Insurance Commissioner. A debt cancellation agreement is not insurance and is regulated by the Office of the Consumer Credit Commissioner.
For the premiums or fees included above, you want the related optional coverages and debt cancellation agreement.

X N/A  N/A
Buyer's signature  Date
X N/A  N/A
Co-Buyer's signature  Date

**LIABILITY INSURANCE:** THIS CONTRACT DOES NOT INCLUDE INSURANCE COVERAGE FOR PERSONAL LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS.

### CONSUMER CREDIT COMMISSIONER NOTICE

To contact AMERICREDIT FINANCIAL SERVICES INC about this account, call (281)496-9191. This contract is subject in whole or in part to Texas law which is enforced by the Consumer Credit Commissioner, 2601 N. Lamar Blvd., Austin, Texas 78705-4207; (800) 538-1579; www.occc.state.tx.us, and can be contacted relative to any inquiries or complaints.

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

Any change to this contract must be in writing. Both you and we must sign it. No oral changes to this contract are enforceable.

Buyer X /s/ Rebecca Badertscher  Co-Buyer X N/A
See back for other important agreements.
**CONSUMER WARNING: Notice to the buyer—Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to a copy of the contract you sign. Under the law, you have the right to pay off in advance all that you owe and under certain conditions may save a portion of the finance charge. You will keep this contract to protect your legal rights.**
**BUYER'S ACKNOWLEDGEMENT OF CONTRACT RECEIPT:** YOU AGREE TO THE TERMS OF THIS CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF IT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT.

Buyer Signs X /s/ Rebecca Badertscher Date 04/10/13  Co-Buyer Signs X N/A  Date N/A
**Co-Buyers and Other Owners** — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
Other owner signs here X N/A  Date N/A  Address N/A
Seller signs SOUTHWEST KIA OF ROCKWALL  Date 04/10/13  By /s/  Title N/A
THIS CONTRACT IS NOT VALID UNTIL YOU AND WE SIGN IT.

Seller assigns its interest in this contract to AMERICREDIT FINANCIAL SERVICES INC (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse  ☒ Assigned without recourse  ☐ Assigned with limited recourse
Seller SOUTHWEST KIA OF ROCKWALL  By /s/  Title

**OTHER TERMS AND CONDITIONS**

1. **FINANCE CHARGE AND PAYMENTS**
   a. **HOW WE FIGURE THE FINANCE CHARGE.** We figure the Finance Charge using the true daily earnings method as defined by the Texas Finance Code. Under the true daily earnings method, the Finance Charge will be figured by applying the daily rate to the unpaid portion of the Amount Financed for the number of days the unpaid portion of the Amount Financed is outstanding. The daily rate is 1/365th of the Annual Percentage Rate. The unpaid portion of the Amount Financed does not include late charges or return check charges.
   b. **HOW WE WILL APPLY YOUR PAYMENTS.** We will apply your payments in the following order:
      1. earned but unpaid finance charge; and
      2. to anything else you owe under this agreement.
   c. **HOW LATE OR EARLY PAYMENTS CHANGE WHAT YOU MUST PAY.** We based the Finance Charge, Total of Payments, and Total Sale Price as if all payments were made as scheduled. If you do not timely make all your payments in at least the correct amount, you will have to pay more Finance Charge. If that happens, your last payment will be more than your final scheduled payment, or at our option, you will have to pay more payments of the same amount as your scheduled payment with a smaller last payment. If you make scheduled payments early, your Finance Charge will be reduced (less). If you make your scheduled payments late, your Finance Charge will increase. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **INTEREST AFTER MATURITY.** If you do not pay all you owe when the final payment becomes due, or you do not pay all you owe if we demand payment in full under this contract, you will pay an interest charge on the amount that is still unpaid. That interest charge will be the higher rate of 18% per year or the maximum rate allowed by law, if that rate is higher. The interest charge for this amount will begin the day after the final payment becomes due.
   e. **TRANSFER OF RIGHTS.** We may transfer this contract to another person. That person will then have all our rights, privileges, and remedies.
   f. **SPECIAL PROVISIONS FOR BALLOON PAYMENT CONTRACTS.** A balloon payment is a scheduled payment more than twice the amount of the average of your scheduled payments, other than the downpayment, that are due before the balloon payment. You can pay all you owe when the balloon payment is due and keep your vehicle. If you buy the vehicle primarily for personal, family, or household use, you can enter into a new written agreement to refinance the balloon payment when due without a refinancing fee. If you refinance the balloon payment, your periodic payments will not be larger or more often than the payments in this contract. The annual percentage rate in the new agreement will not be more than the Annual Percentage Rate in this contract. This provision does not apply if your Payment Schedule has been adjusted to your seasonal or irregular income.

2. **YOUR OTHER PROMISES TO US**
   a. **USE AND TRANSFER OF THE VEHICLE.** You will not sell or transfer the vehicle without our written permission. If you do sell or transfer the vehicle, this will not release you from your obligations under this contract, and we may charge you a transfer of equity fee of $25.00 ($50 for a heavy commercial vehicle). You will promptly tell us in writing if you change your address or the address where you keep the vehicle. We agree you may remove the vehicle from the U.S. for 72 hours or less, if the vehicle will continue to be covered by the insurance this contract requires. Otherwise, you agree not to remove the vehicle from the U.S. without our written permission.
   b. **CARE OF THE VEHICLE.** You agree to keep the vehicle free from all liens, and claims except those that secure this contract. You will timely pay all taxes, fines, or charges pertaining to the vehicle. You will keep the vehicle in good repair. You will not allow the vehicle to be seized or placed in jeopardy or use it illegally. You must pay all you owe even if the vehicle is lost, damaged or destroyed. If a third party takes a lien or claim against or possession of the vehicle, we may pay the third party any cost required to free the vehicle from all liens or claims. We may immediately demand that you pay us the amount paid to the third party for the vehicle. If you do not pay this amount, we may repossess the vehicle and add that amount to the amount you owe. If we do not repossess the vehicle, we may still demand that you pay us, but we cannot compute a finance charge on this amount.
   c. **SECURITY INTEREST.** To secure all that you owe on this contract and all your promises in it, you give us a security interest in:
      1. The vehicle including all accessories and parts now or later attached and any other goods financed in this contract;
      2. All insurance proceeds and other proceeds received for the vehicle;
      3. Any insurance policy, service contract or other contract financed by us and any proceeds of those contracts; and
      4. Any refunds of charges included in this contract for insurance, or service contracts.
      This security interest also secures any extension or modification of this contract. The certificate of title must show our security interest in the vehicle.
   d. **AGREEMENT TO KEEP VEHICLE INSURED.** You agree to have physical damage insurance covering loss or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle.
   e. **OUR RIGHT TO PURCHASE REQUIRED INSURANCE IF YOU FAIL TO KEEP THE VEHICLE INSURED.** If you fail to give us proof that you have insurance, we may buy physical damage insurance. We may buy insurance that covers your interest and our interest in the vehicle, or we may buy insurance that covers our interest only. You will pay the premium for the insurance and a finance charge at the contract rate. If we obtain collateral protection insurance, we will mail notice to your last known address shown in our file.
   f. **PHYSICAL DAMAGE INSURANCE PROCEEDS.** You must use physical damage insurance proceeds to repair the vehicle, unless we agree otherwise in writing. However, if the vehicle is a total loss, you must use the insurance proceeds to pay what you owe us. You agree that we can use any proceeds from insurance to repair the vehicle, or we may reduce what you owe under this contract. If we apply insurance proceeds to the amount you owe, they will be applied to your payments in the reverse order of when they are due. If your insurance on the vehicle or credit insurance doesn't pay all you owe, you must pay what is still owed. Once all amounts owed under this contract are paid, any remaining proceeds will be paid to you.
   g. **RETURNED INSURANCE PREMIUMS AND SERVICE CONTRACT CHARGES.** If we get a refund on insurance or service contracts, or other contracts included in the cash price, we will subtract it from what you owe. Once all amounts owed under this contract are paid, any remaining refunds will be paid to you.
   h. **APPLICATION OF CREDITS.** Any credit that reduces your debt will apply to your payments in the reverse order of when they are due, unless we decide to apply it to another part of your debt. The amount of the credit and all finance charge or interest on the credit will be applied to your payments in the reverse order of your payments.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **LATE CHARGE.** You will pay us a late charge as agreed to in this contract when it accrues.
   b. **DEFAULT.** You will be in default if:
      1. You do not pay any amount when it is due;
      2. You give false, incomplete, or misleading information on a credit application;
      3. You file bankruptcy, bankruptcy is filed against you, or the vehicle becomes involved in a bankruptcy.
      4. You allow a judgment to be entered against you or the collateral; or
      5. You break any of your promises in this agreement.
      If you default, we can exercise our rights under this contract and our other rights under the law.
   c. **OUR RIGHT TO DEMAND PAYMENT IN FULL.** If you default, or we believe in good faith that you are not going to keep any of your promises, we can demand that you immediately pay all that you owe. We don't have to give you notice that we are demanding or intend to demand immediate payment of all that you owe.
   d. **REPOSSESSION.** If you default, we may repossess the vehicle from you if we do so peacefully. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If any personal items are in the vehicle, we can store them for you and give you written notice at your last known address shown on our records within 15 days of discovering that we have your personal items. If you do not ask for these items back within 31 days from the day we mail or deliver the notice to you, we may dispose of them as applicable law allows. Any accessory, equipment, or replacement part stays with the vehicle.
   e. **YOUR RIGHT TO REDEEM.** If we take your vehicle, we will tell you how much you have to pay to get it back. If you do not pay us to get the vehicle back, we can sell it or take other action allowed by law. Your right to redeem ends when the vehicle is sold or we have entered into a contract for sale or accepted the collateral as full or partial satisfaction of a contract.
   f. **DISPOSITION OF THE VEHICLE.** If you don't pay us to get the vehicle back, we can sell it or take other action allowed by law. We will send you notice at least 10 days before we sell it. We can use the money we get from selling it to pay allowed expenses and to reduce the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. If any money is left, we will pay it to you unless we must pay it to someone else. If the money from the sale is not enough to pay all you owe, you must pay the rest of what you owe us plus interest. If we take or sell the vehicle, you will give us the certificate of title and any other document required by state law to record transfer of title.
   g. **COLLECTION COSTS.** If we hire an attorney who is not our employee to enforce this contract, you will pay reasonable attorney's fees and court costs as the applicable law allows. You will also pay our reasonable out-of-pocket expenses incurred in connection with retaking, holding, and selling the vehicle as the applicable law allows.
   h. **CANCELLATION OF OPTIONAL INSURANCE AND SERVICE CONTRACTS.** This contract may contain charges for insurance or service contracts or for services included in the cash price. If you default, you agree that we can claim benefits under these contracts to the extent allowable, and terminate them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is damaged or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **INTEGRATION AND SEVERABILITY CLAUSE**
   This contract contains the entire agreement between you and us relating to the sale and financing of the vehicle. If any part of this contract is not valid, all other parts stay valid.

5. **LEGAL LIMITATIONS ON OUR RIGHTS**
   If we don't enforce our rights every time, we can still enforce them later. We will exercise all of our rights in a lawful way. You don't have to pay finance charge or other amounts that are more than the law allows. This provision prevails over all other parts of this contract and over all our other acts.

6. **SELLER'S DISCLAIMER OF WARRANTIES**
   Unless the seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

7. Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

8. **APPLICABLE LAW**
   Federal and Texas law apply to this contract.

---

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

This PROVISION applies to this contract only if the vehicle financed in the contract was purchased for personal, family, or household use.

Form No. 553-TX 2/12



# OHIO CERTIFICATE OF TITLE

**STATE OF OHIO**

ISSUING CNTY: RICHLAND
RESIDENT CNTY: RICHLAND

No. 70 0175 3048

**REPLACEMENT**

ISSUE DATE: 09/26/2018

IDENTIFICATION NUMBER: KNDJT2A51D7563573
COMMENTS:
CONVERSION:
BRAND(S):

YEAR: 2013  MAKE: KIA  MAKE DESCRIPTION: KIA
PURCHASE PRICE: $0.00 EXEMPT
BODY TYPE: UC
MODEL DESCRIPTION: SOUL
MILEAGE: 20,667
MLG BRAND: ACTUAL
EVIDENCE: OH-7001488866

OWNER:
REBECCA S. SYMONDS
409 GEORGE AVE
MANSFIELD, OH 44907

PREVIOUS OWNER:
REBECCA BADERTSCHER
1308 HONEYWOOD LN
ROYSE CITY, TX 75189

FIRST LIENHOLDER:    DATE OF LIEN: 05/19/2014
AMERICREDIT FINANCIAL SERVICES INC.
P.O. BOX 1510
COCKEYSVILLE, MD 21030

LIEN DISCHARGE
Lienholder _____
by: _____ Authorized signature _____ date
CLERK LIEN CANCELLATION
by: _____ Deputy Clerk _____ date

LIEN DISCHARGE
Lienholder _____
by: _____ Authorized signature _____ date
CLERK LIEN CANCELLATION
by: _____ Deputy Clerk _____ date

WITNESS MY HAND AND OFFICIAL SEAL THIS 26TH DAY OF SEPTEMBER, 2018

%143114423

(SEAL)

LINDA H FRARY
CLERK OF COURTS

99A
LKT

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.

BMV 3800 4/16 [760-1503]

ERASURES AND ALTERATIONS VOID THIS TITLE ASSIGNMENT. (Type or Print in Ink.)

**ASSIGNMENT OF OWNERSHIP**   This vehicle was a (if applicable):  ☐ Former Law Enforcement Vehicle  ☐ Flood Vehicle  ☐ Former Taxi

I (we) certify the vehicle/watercraft/outboard motor described in this title was delivered on ____/____/_____ for the price of $_____ to:

Buyer Printed Name _____

Buyer Printed Address _____

**ODOMETER CERTIFICATION**   Federal and State laws require that you state the mileage in connection with transfer of ownership.

Failure to complete or providing false information may result in fines and/or imprisonment.

I (we) certify to the best of my (our) knowledge that the odometer now reads ☐☐☐☐☐☐ miles (no tenths)

Check one: ☐ Actual Mileage
☐ The Mileage stated is in EXCESS of the Mechanical Limits
☐ The odometer reading is not the actual Mileage. WARNING Odometer Discrepancy

Seller is a minor ☐ Yes ☐ No
If Yes, Minor Consent Form (BMV 3751) Required

I (we) warrant the title to be free of all liens.

X _____
Seller's Printed Name                                Seller's Signature

Seller's Printed Street Address _____

City _____ State _____ Zip _____

Notary: Subscribed and sworn to before me by _____

On the _____ day of _____, 20 ____ in the county of _____ state of _____

(Notary Seal)

My commission expires _____ printed name _____ Signature of (circle one)

Clerk, Deputy Clerk of Courts, Notary  X _____

**Warning to buyer and seller.** You are required by law to state the true selling price. A false statement is in violation of section 2921.13 of the Ohio Revised Code and is punishable by six months imprisonment or a fine of up to one thousand dollars or both. All transfers are audited by the Department of Taxation. The seller and buyer must provide any information requested by the Department of Taxation.
The buyer may be assessed any additional tax found to be due.

**BUYER ACKNOWLEDGEMENT OF ABOVE ODOMETER CERTIFICATION**

X _____
Buyer Printed Name                                Buyer Signature

**APPLICATION FOR CERTIFICATE OF TITLE (Type or Print in Ink)**   Salvage Vehicle cannot be driven until a rebuilt title is issued.

Check type of Application(s): ☐ Motor Vehicle ☐ Memorandum ☐ Watercraft ☐ Outboard Motor ☐ Salvage

Applicant Printed Name _____ SSN/EIN _____

Applicant Printed Address _____
                Street              City              Zip              County

Purchase Price $_____ Gross Tax Due $_____ Vendor's Discount $_____ Tax Paid $_____

Trade in Allowance $_____   If Tax Exempt, State Reason _____   Dealer # _____   Vendor # _____

Lienholder _____ ELien # _____

Lienholder Address _____

Condition of Vehicle/Watercraft/Outboard Motor (check only one): ☐ Good ☐ Fair ☐ Poor ☐ Wrecked   Title to be ☐ Printed ☐ Non-Printed

Optional: ☐ With Rights of Survivorship (2 owners only) ☐ Transfer On Death (1 owner only) BMV 3811 Form required

Applicant is a minor ☐ Yes ☐ No  If yes, provide Date of Birth ____/____/_____ and Minor Consent Form (BMV 3751)

I (we) state that all information contained in this application is true and correct.

X _____
Applicant Signature

Notary: Subscribed and sworn to before me by _____

On the _____ day of _____, 20 ____ in the county of _____ state of _____

(Notary Seal)

My commission expires _____ printed name _____ Signature of (circle one)

Clerk, Deputy Clerk of Courts, Notary  X _____

**LATE FEE OF $5.00 FOR FAILURE TO APPLY WITHIN 30 DAYS OF ASSIGNMENT.**

EXHIBIT C                                                                                          2/26/2019



**NADA Used Cars/Trucks**

GM Financial - BK Dept

4000 Embarcadero
Arlington, TX 76014
817-524-3546
Mandy.Youngblood@gmfinancial.com

## Vehicle Information

| | |
|---|---|
| **Vehicle:** | 2013 Kia Soul Wagon 4D 1.6L I4 |
| **Region:** | Central |
| **Period:** | February 26, 2019 |
| **VIN:** | KNDJT2A51D7563573 |
| **Mileage:** | 82,500 |
| **Base MSRP:** | $14,400 |
| **Typically Equipped MSRP:** | $17,000 |
| **Weight:** | 2,615 |



## NADA Used Cars/Trucks Values

| Auction* | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| Low | $3,275 | $7 | N/A | **$3,282** |
| Average | $4,725 | $7 | N/A | **$4,732** |
| High | $6,200 | $7 | N/A | **$6,207** |
| **Trade-In** | | | | |
| Rough | $4,100 | N/A | N/A | **$4,100** |
| Average | $4,975 | N/A | N/A | **$4,975** |
| Clean | $5,675 | N/A | N/A | **$5,675** |
| | | | | |
| Clean Loan | $5,125 | N/A | N/A | **$5,125** |
| Clean Retail | $7,875 | N/A | N/A | **$7,875** |

*The auction values displayed include typical eqiupment and adjustments for mileage and any of the following applicable accessories: engine size, drivetrain, and trim.

NADA Used Car Guide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report.
NADA Used Car Guide and its logo are registered trademarks of National Automobile Dealers Association, used under license by J.D. Power.
©2019 J.D.Power

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO DIVISION

In Re:                                         Case No. 18-32916

John Meredith Symonds, II
Rebecca Sue Symonds fka Rebecca Sue      Chapter 13
Badertscher

Debtor(s).                               Judge Mary Ann Whipple

**<u>AMERICREDIT FINANCIAL SERVICES, INC. DBA GM FINANCIAL FOR RELIEF FROM STAY WORKSHEET</u>**

I.     LOAN DATA

        A.     IDENTIFICATION OF COLLATERAL (check all that apply):

                ☐     Real Estate:
                          ☐     Principal Residence of Debtor(s)
                          ☐     Other

                X     Personal Property: 2013 Kia Soul Wagon 4D 1.6L I4 VIN: KNDJT2A51D7563573
                ☐     Debtor's Chapter 13 Plan provides for surrender of the Collateral
                ☐     Other Property: _____

        B.     CURRENT VALUE OF COLLATERAL: $7,875.00

        C.     SOURCE OF COLLATERAL VALUATION: NADA Official Used Car Guide

        D.     ORIGINAL LENDER: Southwest KIA of Rockwall

        E.     ENTITY ENTITLED TO ENFORCE THE NOTE: Americredit Financial Services, Inc. dba GM Financial

        F.     CURRENT LOAN SERVICER: Americredit Financial Services, Inc. dba GM Financial

        G.     DATE OF LOAN: April 10, 2013

        H.     ORIGINAL PRINCIPAL AMOUNT DUE UNDER NOTE: $32,189.60

        I.     ORIGINAL INTEREST RATE ON NOTE: 16.80%

J.    CURRENT INTEREST RATE: 16.80%

K.    ORIGINAL MONTHLY PAYMENT AMOUNT: $419.30

L.    CURRENT MONTHLY PAYMENT AMOUNT: $419.30

M.    THE CURRENT MONTHLY PAYMENT AMOUNT LISTED ABOVE:

      ☐    Includes an escrow amount of $_____ for real estate taxes.
      ☐    Includes an escrow amount of $_____ for property insurance.
      ☐    Includes an escrow amount of $_____ for _____.
      X    Does not include any escrow amount.

N.    DATE LAST PAYMENT RECEIVED: 11/25/2018

O.    AMOUNT OF LAST PAYMENT RECEIVED: $420.00

P.    AMOUNT HELD IN SUSPENSE ACCOUNT: $0.00

Q.    NUMBER OF PAYMENTS PAST DUE: 7

II.    AMOUNT ALLEGED TO BE DUE AS OF THE DATE THE MOTION IS FILED

| | Description of Charge | Total Amount of Charges | Number of Charges Incurred | Dates Charges Incurred |
|---|---|---|---|---|
| A. | PRINCIPAL | $9,485.08 | | |
| B. | INTEREST | $ | | |
| C. | TAXES | $ | | |
| D. | INSURANCE | $ | | |
| E. | LATE FEES | $ | | |
| F. | NON-SUFFICIENT FUNDS FEES | $ | | |
| G. | PAY-BY-PHONE FEES | $ | | |
| H. | BROKER PRICE OPINIONS | $ | | |
| I. | FORCE-PLACED INSURANCE | $ | | |
| J. | PROPERTY INSPECTIONS | $ | | |
| K. | OTHER CHARGES | $ | | |

TOTAL OF DEBT AS OF DATE MOTION IS FILED: $9,485.08 *

* This total cannot be relied upon as a payoff quotation.

III. AMOUNT OF ORIGINAL PRE-PETITION ARREARAGES $0.00

IV. AMOUNT OF ALLEGED POST-PETITION DEFAULT

|   | Description of Charge | Amount | Number | Date Incurred | Total |
|---|---|---|---|---|---|
| A. | PAYMENTS | $419.30 | 7 | 9/2018-2/2019 | $2,515.10 |
| B. | ADVANCES FOR TAXES | $ | | | $ |
| C. | ADVANCES FOR INSURANCE | $ | | | $ |
| D. | LATE FEES | $ | | | $ |
| E. | NON-SUFFICIENT FUNDS FEES | $ | | | $ |
| F. | PAY-BY-PHONE FEES | $ | | | $ |
| G. | BROKER PRICE OPINIONS | $ | | | $ |
| H. | FORCE-PLACED INSURANCE | $ | | | $ |
| I. | PROPERTY INSPECTIONS | $ | | | $ |
| J. | OTHER CHARGES | $ | | | $ |

TOTAL ACCRUED: $2,515.10

LESS SUSPENSE BALANCE: $0.00

TOTAL POST-PETITION DEBT: **$2,515.10**

V. THE TRUSTEE LEDGER SHOWING POST-PETITION DISBURSEMENTS ON THIS DEBT -OR- A POST-PETITION PAYMENT SUMMARY SHOWING THE PAYMENTS MADE BY THE DEBTOR ON THIS DEBT IS ATTACHED TO THIS WORKSHEET AS **EXHIBIT D**.

This Worksheet was prepared by:

/s/ Molly Slutsky Simons
Molly Slutsky Simons (0083702)
Sottile & Barile, Attorneys at Law
P.O. Box 476
Loveland, OH 45140
Phone: 513.444.4100
Email: bankruptcy@sottileandbarile.com
Attorney for Movant